THOMPSON, COMMISSIONER OF REVENUES *v.*
RHODES-JENNINGS FURNITURE CO.

5-207—5-211 consolidated        268 S. W. 2d 376

Opinion delivered May 24, 1954.

[Rehearing denied June 21, 1954.]

706

*O. T. Ward,* for appellant.

*Daggett & Daggett,* for appellee.

ED. F. MCFADDIN, Justice. Five separate cases were filed in the Pulaski Chancery Court against the Commissioner of Revenues of the State of Arkansas. In each case, the plaintiff was a Tennessee corporation or individual, seeking to prevent the said Commissioner from claiming a tax against such plaintiff. Two of the cases (numbered 207 and 210 in this Court) involved the Arkansas Gross Receipts Tax, being Act 386 of 1941 (§ 84-1901 *et seq.* Ark. Stats.), which is a Sales Tax. The other three cases (numbered 209, 211 and 208 in this Court) involved the Arkansas Compensation [1] Tax, being Act 487 of 1949 (§ 84-3101 Ark. Stats. Pocket Supplement), which is a Use Tax. In each case, the Commissioner of Revenues of the State of Arkansas (hereinafter called "Commissioner") [2] had assessed a tax against the Tennessee firm, which had been paid under protest as a prerequisite to the filing of the suit in the Pulaski Chancery Court to recover the amount paid. Such procedure is established by Legislative enactment. [3]

The five cases were never consolidated, but each was separately tried, on its own stipulated facts. In each case, the Chancery decree was adverse to the Commissioner, and he has appealed. For convenience, we allowed the five cases to be jointly briefed, although they were never consolidated. The cases were submitted to this Court in October, 1953; but, by agreement of all parties, we delayed our decision until the Supreme Court of the United States delivered its opinion in the case of *Miller Bros.* v. *Maryland,* which case involved the Maryland Use Tax, sustained by the Court of Appeals of Maryland in 201 Md. 535, 95 Atl. 2d 286. The decision

---

[1] In the Act itself, Section 1 says "Compensa*tion* Tax". In §. 84-3101 Ark. Stats. says "Compensa*ting* Tax".

[2] When the cases were originally filed, Horace E. Thompson was Commissioner of Revenues, but since then, Vance Scurlock is Commissioner. However, we continue to style the cases as "Thompson, Commissioner".

[3] See § 10 of Act 386 of 1947 for Sales Tax cases; and § 20 of Act 487 of 1949 for Use Tax cases. The Use Tax Act says "Circuit Court", but no objection to forum has been made herein.

of the Supreme Court of the United States, reversing the Maryland Court, was delivered April 5, 1954. See *Miller Bros.* v. *Maryland*, 347 U. S. 340, 98 L. Ed. 744, 74 S. Ct. 535. So each of the five cases pending in this Court is now ready for our decision. We have studied most carefully the decision of the Supreme Court of the United States in *Miller Bros.* v. *Maryland*; and, as a result, we find that two of the present cases must be affirmed; and three of the cases must be reversed. It thus becomes necessary for us to give the particular facts in each of the five cases; and this will, in effect, be a separate decision on each of the cases, but all contained in this one opinion.